| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

---

| | |
|---|---|
| Marklyn Tyrone Johnson, | Court File No. _____ |
| Plaintiff, | Case Type: Civil |
| vs. | **COMPLAINT** |
| SLM Corporation, | |
| Defendant. | |

---

Plaintiff, Marklyn Tyrone Johnson, for his Complaint against SLM Corporation, states and alleges as follows:

## PARTIES

1. Plaintiff Marklyn Tyrone Johnson is an individual and is now, and at all times referenced below was, a resident of Hennepin County, Minnesota.

2. Defendant SLM Corporation is, upon information and belief, a corporation organized under the laws of Delaware, and has a place of business at 300 Continental Drive, Newark, DE 19713.

3. Upon information and belief, Sallie Mae, Inc. (hereinafter "Sallie Mae") is now, and at all times mentioned below was, a wholly owned subsidiary of Defendant, and is a corporation organized under the laws of Delaware, and has a place of business at 300 Continental Drive, Newark, DE 19713.

4. Upon information and belief, Student Assistance Corporation (hereinafter "SAC") is now, and at all times mentioned below was, a wholly owned subsidiary of Defendant, and

is a corporation organized under the laws of Delaware, and has a registered address of 1209 Orange Street, Wilmington, DE 19801.

5. Upon information and belief, Sallie Mae and SAC are engaged in the business of collecting debts via instrumentalities of interstate commerce, and were engaged by Defendant to attempt to collect an allegedly delinquent student loan allegedly owed to Defendant.

6. Upon information and belief, at all times mentioned below, individual representatives of Defendant, Sallie Mae, and/or Student Assistance Corporation were acting within the course and scope of employment for Defendant, actual authority granted contractually by Defendant, and/or implied or apparent authority to act on behalf of Defendant.

## JURISDICTION AND VENUE

7. Pursuant to 47 U.S.C.A. § 227(b)(3), state courts have concurrent jurisdiction over the private right of action created by the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*.

8. This Court has personal jurisdiction over Defendant pursuant to Minn. Stat. § 543.19 because the below cause of action directly arises from Defendant's purposefully transacting business in Minnesota in the form of telephonic debt collection, and also because Defendant has committed acts causing injury to a Minnesota citizen.

9. Venue in Hennepin County is proper pursuant to Minn. Stat. § 542.09 because the below cause of action arose, in full or in part, in Hennepin County.

## FACTUAL ALLEGATIONS

10. On or about April 4, 2011 at 2:28 PM CST, Plaintiff received a call to his cellular phone number, 651-285-0043, from 888-272-5543. He answered, heard a brief message from

an automated voice recording, and was transferred to a live representative purporting to collect on a Sallie Mae debt. During his conversation, Plaintiff noted to the representative that he was being contacted on his cellular phone.

11. On or about April 6, 2011 at 10:53 AM CST, Plaintiff received a call to his cellular phone number, 651-285-0043, from 888-272-5543. He answered and heard a brief message from an automated voice recording.

12. On or about April 19, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

13. On or about April 20, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

14. On or about April 21, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

15. On or about April 22, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

16. On or about April 26, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

17. On or about April 28, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

18. On or about April 29, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

19. On or about April 30, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

20. On or about May 3, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

21. On or about May 4, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

22. On or about May 7, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

23. On or about May 8, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

24. On or about May 10, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

25. On or about May 11, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

26. On or about May 17, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

27. On or about May 21, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

28. On or about May 29, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

29. On or about June 1, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

30. On or about June 2, 2011 at 8:45 AM CST, Plaintiff received a call to his cellular phone number, 651-285-0043, from 888-272-5543. He answered and heard a brief message from an automated voice recording.

31. On or about June 7, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

32. On or about June 11, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

33. On or about June 18, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

34. On or about June 18, 2011, Plaintiff missed a second call to his cellular phone number, 651-285-0043, from 800-722-1300.

35. On or about June 22, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

36. On or about July 1, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

37. On or about July 14, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

38. On or about July 14, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 317-806-8600.

39. On or about July 20, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

40. On or about July 21, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

41. On or about July 23, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

42. On or about July 26, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

43. On or about July 28, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 317-806-8600.

44. On or about July 28, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 317-806-8600.

45. On or about July 28, 2011, Plaintiff missed a second call to his cellular phone number, 651-285-0043, from 888-272-5543.

46. On or about July 29, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 317-806-8600.

47. On or about July 29, 2011, Plaintiff missed a second call to his cellular phone number, 651-285-0043, from 317-806-8600.

48. On or about July 30, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

49. On or about July 30, 2011, Plaintiff missed a second call to his cellular phone number, 651-285-0043, from 800-722-1300.

50. On or about August 1, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

51. On or about August 1, 2011, Plaintiff missed a second call to his cellular phone number, 651-285-0043, from 888-272-5543.

52. On or about August 3, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 866-640-5206.

53. On or about August 3, 2011, Plaintiff missed a second call to his cellular phone number, 651-285-0043, from 866-640-5206.

54. On or about August 7, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 800-722-1300.

55. On or about August 7, 2011, Plaintiff missed a second call to his cellular phone number, 651-285-0043, from 800-722-1300.

56. On or about August 19, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 866-640-5206.

57. On or about August 19, 2011, Plaintiff missed a second call to his cellular phone number, 651-285-0043, from 866-640-5206.

58. On or about August 19, 2011, Plaintiff missed a third call to his cellular phone number, 651-285-0043, from 866-640-5206.

59. On or about August 25, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 888-272-5543.

60. On or about August 25, 2011, Plaintiff missed a call to his cellular phone number, 651-285-0043, from 866-640-5206.

61. On or about August 25, 2011, Plaintiff missed a second call to his cellular phone number, 651-285-0043, from 866-640-5206.

62. Upon information and belief, Defendant and/or its authorized subsidiaries placed numerous additional calls to Plaintiff's cellular phone number, 651-285-0043, using an automatic telephone dialing system, other than those listed above.

## COUNT I

**Violations of the Telephone Consumer Protection Act**

63. Plaintiff realleges the allegations set forth in paragraphs 1 through 62 above, and incorporates them herein by reference.

64. Incorporating by reference the paragraphs above, Defendant and/or its authorized subsidiaries made at least forty-nine (49) repeated dunning calls to Plaintiff's cellular phone.

65. Upon information and belief, these phone calls were placed by Defendant and/or its authorized subsidiaries using an automatic telephone dialing system.

66. None of the dunning calls made by Defendant and/or its authorized subsidiaries to Plaintiff was for "emergency purposes" excepted by 47 U.S.C. § 227(b)(1)(A).

67. Upon information and belief, Plaintiff did not at any time expressly consent to Defendant and/or its authorized subsidiaries placing telephone calls to his cellular telephone by the use of an automated telephone dialing system.

68. Because Defendant and/or its authorized subsidiaries is not exempt and neither of the limited statutory exceptions exists in this case, each of the continued dunning calls to Plaintiff from Defendant and/or its authorized subsidiaries constituted a distinct violation of 47 U.S.C. § 227(b)(1)(A)(iii).

69. Pursuant to 47 U.S.C. §227(b)(3)(B), Plaintiff is entitled to statutory damages of $500 for each distinct violation of 47 U.S.C. § 227(b)(1)(A)(iii).

70. Based upon the forty-nine (49) above-referenced telephone calls made by Defendant and/or its authorized subsidiaries to Plaintiff, Plaintiff is entitled to statutory damages of no less than $24,500.00.

71. In addition, because the calls continued even after initial notice from Plaintiff on or about April 4, 2011 that 651-285-0043 was a cellular phone, all autodialed calls to Plaintiff's cellular phone after April 4, 2011 were willful or knowing.

72. Because of that heightened scienter after April 4, 2011, 47 U.S.C. §227(b)(3) imposes exemplary damages equal to up to three times the aforementioned statutory damages, i.e., $72,000.00 subsequent to April 4, 2011, plus the $500.00 in ordinary damages on April 4, 2011, for a recoverable total of $72,500.00.

73. Pursuant to 47 U.S.C. §227(b)(3)(A), Plaintiff is entitled to a permanent injunction prohibiting continuation of statutory violations described above.

74. In the event that any of the above-referenced violations arises from an act by a subsidiary of Defendant such as Sallie Mae or SAC, or by any other entity engaged for the intended purpose of recovering on a debt owned by SLM, SLM remains jointly and severally liable with the violator regardless. See, e.g., In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 02-278, ¶ 165, 18 F.C.C.R. 14014 (2003) ("[A] creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

**WHEREFORE**, Plaintiff respectfully requests that this Court award judgment against Defendant for the following:

1. Statutory damages in the amount of $500.00;

2. Statutory damages in the amount of $500.00 for each additional violation that formal discovery may reveal;

3. Exemplary damages in the amount of $72,000.00;

4. Exemplary damages in the amount of $1500.00 for each additional willful or knowing violation that formal discovery may reveal;

5. Actual damages to be determined by the Court;

6. Costs and disbursements in this action;

7. Pursuant to both explicit statutory authority in 47 U.S.C. §227(b)(3)(A) and the inherent equitable authority of this Court, a permanent injunction requiring that Defendant cease and desist from further calls to Plaintiff's cellular phone by means of an automatic telephone dialing system; and

8. Such other and further relief as the Court deems just and proper.

GALL & SIDERS, PLLC

Dated:  2/16/12

Jordan E. Gall (#0391744)
IDS Center, Suite 900
80 S. Eighth Street
Minneapolis, MN 55402
Email: jordangall@gallsiders.com
Telephone: (612) 568-8731
Facsimile: (612) 466-3111

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

Jordan E. Gall states that he is the attorney for Plaintiff Marklyn Tyrone Johnson in this action. The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in the pleading are asserted.

Dated:  2/16/12

Jordan E. Gall